UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GERMAINE GARCIA,

                Plaintiff,

       v.

THE CITY OF NEW YORK and ATTORNEY AT
LAW DAVID SEAMEN,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-4655 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 14, 2012, Plaintiff Germaine Garcia, currently incarcerated at Sing Sing Correctional Facility,[1] filed the above-captioned *pro se* action pursuant to 42 U.S.C. § 1983 against Defendants City of New York and David Seaman, the defense attorney assigned to Plaintiff's arraignment in his state court criminal proceeding. Plaintiff seeks monetary damages for injuries arising out of his state court criminal proceeding and claims he suffered "legal injury, mental anguish, loss of freedom, [c]onstitutional [i]njury, [c]ivil assault and [p]ersonal injury." (Compl. at 33.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), solely for the purpose of this Order. For the reasons discussed below, the Complaint is dismissed for failure to state a claim upon which relief may be granted.

I.    **Background**

On or about October 9, 2009, Plaintiff was arraigned in Kings County Criminal Court on the following charges: burglary in the first degree; burglary in the second degree; assault in the second degree; burglary in the third degree; aggravated criminal contempt; criminal contempt in

---

[1] Plaintiff was previously incarcerated in Rikers Island Correctional Facility. Plaintiff indicated by letter, received December 20, 2012, that he is now being detained at the Sing Sing Correctional Facility. (Docket No. 5.)

the first degree; assault in the third degree; criminal trespass in the second degree; criminal mischief in the fourth degree; criminal contempt in the second degree; menacing in the third degree; criminal trespass in the third degree; trespass; and harassment in the second degree. (Compl. at 31.) According to Plaintiff, he waived indictment by the Grand Jury on October 11, 2009, and an indictment was returned by the Grand Jury on or about November 19, 2009 to include the following charges: burglary in the second degree; burglary in the third degree; aggravated criminal contempt; criminal contempt in the first degree; criminal contempt in the second degree; menacing in the third degree; criminal mischief in the fourth degree; attempted assault in the third degree. (*Id.* at 19, 31, 51–52, 58.) Plaintiff appears to allege that the waiver of indictment was "illegal" as he did not sign the waiver in open court. (*Id.* at 35.) Plaintiff also alleges violations of the Federal Rules of Evidence. (*See, e.g., id.* at 36, 38, 50.)

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted); *see also Pacheco v. Connecticut*, 471 F. App'x 46, 47 (2d Cir. 2012) (summary order) (upholding *sua sponte* dismissal of a *pro se* complaint under § 1915A); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing dismissal under the statute).

Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008) (When "[a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (alteration in original)); *Abbas*, 480 F.3d at 639. (A court "must liberally construe [*pro se*] pleadings, and must interpret [*pro se*] complaint to raise the strongest arguments it suggests."). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Abbas*, 480 F.3d at 639 (A court "must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'").

### b. Defendant Seaman

Plaintiff cannot sustain a § 1983 claim against Defendant Seaman. In order to maintain a § 1983 action, Plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13

F.3d 545, 547 (2d Cir. 1994); *see Filarsky v. Delia*, 566 U.S. —, —, 132 S.Ct. 1657, 1661–62 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547; *see Isaacs v. City of New York*, No. 10 Civ. 4177, 2012 WL 314870, at *2 (E.D.N.Y. Feb. 1, 2012). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). A private actor acts under color of state law when his or her actions are "fairly attributable to the state." *Filarsky*, 566 U.S. at —, 132 S.Ct. at 1661–62; *see also Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 188 (2d Cir. 2009) ("Under § 1983, state action may be found when there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quoting *Brentwood Acad. v. Tenn. Secondary Schl. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Plaintiff alleges that Defendant Seamen, an attorney with the Legal Aid Society, improperly represented him at his criminal court hearing, leading to an "illegally constituted indictment." (Compl. at 35.) It is well established that court-appointed attorneys, including attorneys associated with a legal aid organization, do not act under color of state law when performing traditional functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's

traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (summary order) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client . . . ." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997))); *Krug v. McNally*, 488 F. Supp. 2d 198, 200 (N.D.N.Y. Feb. 8, 2007) ("[D]efense attorneys—even if court-appointed or public defenders—do not act under color of State law when performing traditional functions of counsel."). Plaintiff has failed to plead any facts that would, even if accepted as true, support a finding that Defendant Seamen was acting under color of state law at the time of the alleged civil rights violations. Accordingly, Plaintiff's claim against Defendant Seamen is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

### c. Defendant City of New York

Plaintiff cannot sustain a § 1983 action against the City of New York. In order to sustain a claim for relief under § 1983 against a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."); *see Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d. 129, 140 (2d Cir. 2010) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (alteration in original) (quoting *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2007))).

"[A] municipality cannot be made liable [under § 1983] by the application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *see Perez v. Metro. Transp. Auth.*, No. 11 Civ. 8655, 2012 WL 3195078 (S.D.N.Y. Aug. 7, 2012).

The Complaint fails to allege facts from which the Court could infer that any alleged injury was caused by any policy or custom of the City of New York. Conclusory claims that Plaintiff's rights were violated due to an allegedly "illegal" waiver of indictment do not give rise to an inference of the existence of a custom, policy or practice that would hold the City of New York liable.[2] Accordingly, this claim must be dismissed as it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). As Plaintiff fails to allege facts sufficient to "allow[] [a] court to draw the reasonable inference that the [municipal] defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Complaint is dismissed against the City of New York for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) and 28 U.S.C. § 1915A(b)(1).

III. **Conclusion**

For the forgoing reasons, the Complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

---

[2] Furthermore, since Plaintiff cannot sustain a claim against Defendant Seaman, the sole individual defendant in this case, Plaintiff cannot sustain a claim against the City of New York predicated on *Monell* liability. *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."); *Mendoza v. County of Nassau*, No. 11-CV-02487, 2012 WL 4490539, at *7 (E.D.N.Y. Sept. 27, 2012) ("When there is no underlying constitutional violation, there can be no municipal liability under *Monell*."). "Since the complaint fails to state a plausible Section 1983 cause of action against the individual defendant[] based upon any independent constitutional violation, plaintiff cannot state a claim for municipal liability under *Monell*." *Mendoza*, 2012 WL 4490539, at *7 (E.D.N.Y. Sept. 27, 2012).

good faith, and, therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: Brooklyn, New York
January 14, 2013